IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00206-BNB

FRANKIE L. MCCONNELL,

      Plaintiff,

v.

CHRISTINE ALFONSO,

      Defendant.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED COMPLAINT

---

      Plaintiff, Frankie L. McConnell, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the La Vista Correctional Facility in Pueblo, Colorado.  Ms. McConnell filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983.  Ms. McConnell has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

      The Court must construe Ms. McConnell's filings liberally because she is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Ms. McConnell will be ordered to file an amended complaint.

      In her discussion of the nature of the case, Ms. McConnell generally alleges that the defendant, Christine Alfonso, falsely charged her with four disciplinary violations, each apparently resulting in a disciplinary conviction.  She then asserts three claims,

only one of which – claim two – alleges a constitutional violation, and none of which clearly supports her assertion of false charges in the nature-of-the-case discussion. Instead, Ms. McConnell's individual claims are vague and conclusory, making confusing references, e.g., to a strip search in claim one; having a bottle of lotion thrown at her in claim two; and receiving a write-up based on Ms. Alfonso's getting baby oil on Plaintiff's clothes and papers in claim three.

As relief, Ms. McConnell asks for both money damages and the restoration of her good-time and earned-time credits, the latter of which constitutes relief available in a habeas corpus action pursuant to 28 U.S.C. § 2241 but not available in a § 1983 civil rights action. Generally, a prisoner's challenge to her conditions of confinement is cognizable in a civil rights action. See, e.g., Richards v. Bellmon, 941 F.2d 1015, 1018 (10th Cir. 1991). If Ms. McConnell wishes to pursue habeas corpus claims for the restoration of good-time and earned-time credits, she may do so by filing a separate action using the Court's § 2241 habeas corpus application form.

Although Ms. McConnell may pursue her conditions-of-confinement claims in this action, the Court finds that those claims do not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. See TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991),

*aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. McConnell fails to provide a short and plain statement of her claims showing that she is entitled to relief.  In order to state a claim in federal court, she "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Therefore, Ms. McConnell will be ordered to file an amended complaint that provides a short and plain statement of the conditions-of-confinement claims she wishes to pursue in this action, and asserts what, if any, constitutional rights she believes were violated.

Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Ms. McConnell must show that each defendant caused the deprivation of

3

a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations that he or she causes.  *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Accordingly, it is

ORDERED that Plaintiff, Frankie L. McConnell, file, within **thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order.  It is

FURTHER ORDERED that Ms. McConnell shall obtain the Court-approved Prisoner Complaint form (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Ms. McConnell fails to file an amended Prisoner Complaint that complies with the directives of this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED March 26, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge